■ In the Matter of FRANK SHEEHAN, a Suspended Attorney. [876 NYS2d 905]—Motion by the respondent, Frank Sheehan, for reinstatement as an attorney and counselor-at-law. The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 1, 1983. By decision and order on motion of this Court dated March 16, 1994, the respondent was suspended from the practice of law based on his conviction of a serious crime and the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts was authorized to institute and prosecute a disciplinary proceeding against him. By opinion and

order of this Court dated March 27, 1995, the respondent was suspended from the practice of law for a period of one year based, inter alia, upon his conviction in the State of Illinois of the crime of obstructing justice, a felony. By decision and order on application of this Court dated March 18, 1997, his first application for reinstatement was denied, and on the Court's own motion, he was suspended from the practice of law, pursuant to 22 NYCRR 691.13 (b) (1), on the ground of mental incapacity. By decision and order on application of this Court dated November 3, 1997, the respondent's second application for reinstatement was denied. By decision and order on application of this Court dated April 13, 2000, his third application for reinstatement was held in abeyance, and he was directed to be examined by a qualified medical expert to determine whether he was still incapacitated from practicing law. His third application for reinstatement was denied by decision and order on application of this Court dated July 5, 2000. By decision and order on application of this Court dated January 12, 2001, the respondent's suspension pursuant to 22 NYCRR 691.13 (b) (1) was vacated, his suspension based on the Illinois conviction was continued, the Grievance Committee was directed to investigate pending complaints of professional misconduct against him, and his renewed application for reinstatement was held in abeyance pending resolution of the complaints. By decision and order on motion of this Court dated May 19, 2003, inter alia, the respondent's renewed application for reinstatement was continued to be held in abeyance, and the matter was referred to the Committee on Character and Fitness to investigate and report on the respondent's current fitness to be an attorney. Upon the report of the Committee on Character and Fitness and the exhibits annexed thereto, it is Ordered that the motion is granted; and it is further, Ordered that the respondent, Frank Sheehan, is reinstated as an attorney and counselor-at-law and the Clerk of the Court is directed to restore the name of Frank Sheehan to the roll of attorneys and counselors-at-law upon satisfactory proof of the respondent's payment of his attorney registration fees and completion of CLE credits. Prudenti, P.J., Mastro, Rivera, Spolzino and Santucci, JJ., concur.